IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LYNDA GOLDSMITH, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| SNS GA LLC d/b/a BEAUTY EMPIRE, and SANGWOO SHON, | : | |
| | : | |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

---

Plaintiff Lynda Goldsmith ("Goldsmith") brings this Complaint against Defendants SNS GA LLC d/b/a Beauty Empire ("SNS") and Sangwoo Shon ("Shon") (collectively "Defendants") and shows the Court as follows:

## 1. INTRODUCTION

1.

This is a wage and hour case arising under the Fair Labor Standards Act, 29 U.S.C. §§201-219 (FLSA) and the Regulations propounded thereunder. Plaintiff alleges that she was not properly paid an overtime premium for all hours worked over forty in any given workweek.

1

2.

SNS employed Goldsmith as a customer service consultant and cashier from on or about June 18, 2017 through August 7, 2021

3.

In or about May 2019, Defendant Shon assumed ownership and operation of the Beauty Empire store located at 3701 Austell Road SW, Marietta, GA 30008 in which Goldsmith was employed. SNS and Shon employed Goldsmith at all times relevant from May 2019 through August 7, 2021 (hereinafter "the Relevant Time Period").

4.

Although Goldsmith regularly worked more than forty hours during most, if not all work weeks, Defendants failed to pay her an FLSA overtime premium for such overtime hours.

**(a) Jurisdiction and Venue**

5.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because SNS is located in Marietta, Georgia, within this judicial district and a

substantial portion of the events giving rise to the claims herein arose in this judicial district.

**(b) The Parties**

7.

Goldsmith resides in Cobb County, Georgia.

8.

SNS employed Goldsmith as a customer service consultant and cashier at its Beauty Empire store in Marietta, Georgia from approximately June 18, 2017 through August 7, 2021.

9.

At all times during the Relevant Time Period, Goldsmith was an "employee" of SNS within the meaning of 29 U.S.C. § 203(e)(1).

10.

SNS is a domestic limited liability company organized under the laws of the State of Georgia.

11.

At all times material hereto, SNS has been Goldsmith's "employer" within the meaning of 29 U.S.C. §203(d).

12.

SNS is subject to the personal jurisdiction of this Court.

13.

SNS may be served with process through its registered agent, Sangwoo Shon, at 3701 Austell Road, Suite 105, Marietta, Georgia 30008.

14.

At all times material hereto, Goldsmith has been Shon's "employee" within the meaning of 29 U.S.C. § 203(e)(1).

15.

Shon resides in Gwinnett County, Georgia.

16.

At all times material hereto, Shon was Goldsmith's "employer" within the meaning of 29 U.S.C. § 203(d).

17.

Shon is subject to the personal jurisdiction of this Court.

18.

Shon may be served with process at 2894 State Court 24A, Suwanee, Georgia 30024.

**(c) Individual Coverage**

19.

Throughout the Relevant Time Period, Goldsmith "engaged in commerce" as an employee of SNS within the meaning of 29 U.S.C. § 206 (a) and § 7(a)(1), 29 U.S.C. § 207(a)(1).

4

20.

Throughout the Relevant Time Period, Goldsmith handled goods which moved in interstate commerce in the furtherance of the commercial purpose of SNS including beauty supplies, wigs, computers, office supplies and office furniture.

**(d)Enterprise Coverage:**

21.

Throughout the Relevant Time Period, SNS has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 206 (a) and in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

Throughout 2019, SNS had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

Throughout 2020, SNS had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

Throughout 2021, SNS had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

Throughout the Relevant Time Period, Goldsmith and other employees of SNS handled goods which moved in interstate commerce in the furtherance of the commercial purpose of SNS including beauty supplies, wigs, computers, office supplies and office furniture.

26.

Throughout 2019, SNS had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

Throughout 2020, SNS had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

Throughout 2021, SNS had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

Throughout 2019, SNS had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

Throughout 2020, SNS had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

Throughout 2021, SNS had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

Throughout Relevant Time Period, SNS has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

**(e) Statutory Employer**

33.

Throughout the Relevant Time Period, Shon has been an owner and/or operator of SNS.

34.

Throughout the Relevant Time Period, Shon has exercised operational control over Goldsmith's work activities.

35.

Throughout the Relevant Time Period, Shon has been involved in the day-to-day operation of the SNS.

36.

Throughout the Relevant Time Period, SNS has vested Shon with supervisory authority over Goldsmith.

37.

Throughout the Relevant Time Period, Shon has exercised supervisory authority over Goldsmith.

38.

Throughout the Relevant Time Period, Shon scheduled Goldsmith's working hours or supervised the scheduling of Goldsmith's working hours.

39.

Throughout the Relevant Time Period, Shon has exercised authority and supervision over Goldsmith's compensation.

40.

Throughout the Relevant Time Period, Shon had authority to change Goldsmith's pay rate.

41.

During the Relevant Time Period, Shon changed Goldsmith's pay rate.

**(f) Lack of Exemption**

42.

Throughout the Relevant Time Period, Goldsmith was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

43.

Throughout the Relevant Time Period, Goldsmith was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

44.

Throughout the Relevant Time Period, SNS did not employ Goldsmith in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

45.

Throughout the Relevant Time Period, SNS did not employ Goldsmith in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

46.

Throughout the Relevant Time Period, SNS did not employ Goldsmith in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

47.

Throughout the Relevant Time Period, Goldsmith did not supervise two or more employees.

48.

Throughout the Relevant Time Period, SNS did not employ Goldsmith in the capacity of an "outside salesman" so as to render her exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

**(g) Additional Factual Allegations**

49.

Goldsmith was employed by the previous owner of the Beauty Empire store before Defendants assumed ownership in or about May 2019.

50.

Prior to May 2019, Goldsmith had been paid $15.00 per hour.

51.

In May 2019, Defendants changed Goldsmith's pay rate to $12.50 per hour.

52.

At all times during the Relevant Time Period, Defendants paid Goldsmith at a rate of $12.50 per hour.

53.

At all times during the Relevant Time Period, Defendants compensated Plaintiff partially in cash and partially by check.

54.

At all times during the Relevant Time Period, Defendants paid Plaintiff $500 in cash and $300 by check after tax deductions for work she performed each week.

55.

Throughout the Relevant Time Period, Defendants generally scheduled Goldsmith to work seven (7) days during each work week.

56.

Throughout the Relevant Time Period, Goldsmith usually worked seven (7) days during most, if not all, work weeks.

57.

Throughout the Relevant Time Period, Defendants normally scheduled Goldsmith to work from 9:30 a.m. until 8:30 p.m., Monday through Saturday and from 12:00 p.m. until 6:00 p.m. on Sundays.

58.

Throughout the Relevant Time Period, Goldsmith normally worked at least 72 hours during most, if not all, work weeks.

59.

Defendants closed the Beauty Empire store in which Goldsmith worked in or about April 2020 due to the Covid-19 pandemic. Goldsmith therefore did not work for Defendants during the period from approximately April 5, 2020 through May 9, 2020.

60.

During the Relevant Time Period, Defendants did not afford Goldsmith a period of at least 30 minutes or more during which time she was free from all work-related duties.

61.

During the Relevant Time Period, Goldsmith did not take a break of a period of at least 30 minutes or more each workday during which time she was free from all work-related duties.

62.

Throughout the Relevant Time Period, Defendants were aware of the actual number of hours Goldsmith worked.

63.

Defendants knew or should have known that the FLSA applied to Goldsmith.

64.

Defendants knew or should have known that Goldsmith was entitled to FLSA overtime protections.

65.

29 U.S.C. § 207 requires that Defendants compensate Goldsmith at a rate of one–and–one–half times her regular rate for all time worked in excess of forty (40) hours in a work week.

66.

Defendants knew or should have known that the FLSA, 29 U.S.C. § 207, requires that Defendants pay Goldsmith a premium for all hours worked above forty (40) hours in a workweek.

67.

Throughout the Relevant Time Period, Defendants compensated Goldsmith at her regular hourly rate (*i.e.* straight pay), but failed to pay her the premium required by 29 U.S.C. § 207 62 for each hour she worked in excess of 40 hours during each workweek.

68.

Throughout the Relevant Time Period, Goldsmith regularly worked more than forty (40) hours during each workweek.

69.

Throughout the Relevant Time Period, Defendants failed to compensate Goldsmith at one-half of her regular hourly rate for each hour she worked in excess of forty hours in each workweek.

70.

Throughout the Relevant Time Period, Defendants willfully failed to compensate Goldsmith at an additional one-half of her regular hourly rate ("premium rate") for each hour she worked in excess of forty hours in each week.

### COUNT 1 - FAILURE TO PAY OVERTIME

71.

The allegations in paragraphs 1-70 above are incorporated by reference.

72.

Throughout the Relevant Time Period, Goldsmith has been an employee covered by the FLSA and entitled to the overtime protections set forth 29 U.S.C. § 207(a).

73.

Throughout the Relevant Time Period, Goldsmith regularly worked in excess of forty (40) hours during each work week.

74.

Throughout the Relevant Time Period, Defendants failed to pay Goldsmith at one-and-one-half times her regular rate for time worked in excess of forty (40) hours during each work week.

75.

Defendants willfully failed to pay Goldsmith at one–and–one–half times her regular rate for work in excess of forty (40) hours in any week from May 2019 through August 7, 2021.

76.

Goldsmith is entitled to payment of overtime in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

77.

As a result of the underpayment of overtime compensation as alleged above, Goldsmith is entitled to liquidated damages in accordance with 29 U.S.C. § 216(b).

78.

As a result of Defendants' willful underpayment of overtime compensation as alleged above, Goldsmith is entitled to the application of a three-year statute of limitations in accordance with 29 U.S.C. § 255(a).

79.

As a result of the underpayment of overtime compensation as alleged above, Goldsmith is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Goldsmith respectfully prays:

1. That her claims be tried before a jury;

2. That she be awarded a judgment for due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally from May, 2019 through the end of her employment in August, 2021;

3. That she be awarded a judgment for an additional like amount as liquidated damages against Defendants, jointly and severally;

4. That she be awarded a judgment for her costs of litigation, including her reasonable attorneys' fees from Defendants, jointly and severally pursuant to 29 U.S.C. § 216(b);

5. That she be awarded a judgment for nominal damages; and

6. For such other and further relief as the Court deems just and proper.


Respectfully submitted,


                                         DELONG CALDWELL BRIDGERS
                                         FITZPATRICK & BENJAMIN, LLC

101 MARIETTA STREET
SUITE 2650                               /S/ MICHAEL A. CALDWELL
ATLANTA, GEORGIA 30303                   MICHAEL A. CALDWELL
(404) 979-3150                           GA. BAR NO. 102775
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com            /S/ MITCHELL D. BENJAMIN
benjamin@dcbflegal.com                   MITCHELL D. BENJAMIN
                                         GA. BAR NO. 049888